Charles H. Chevalier
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
cchevalier@fbtgibbons.com

*Attorneys for Plaintiffs*
*Baxter Healthcare Corp.*
*Baxter International Inc.*
*Baxter Healthcare SA*

OF COUNSEL:

Edgar H. Haug (*pro hac vice* forthcoming)
Kaitlin M. Farrell (*pro hac vice* forthcoming)
Andrew S. Roper (*pro hac vice* forthcoming)
Andrew S. Wasson (*pro hac vice* forthcoming)
Nicholas F. Giove (*pro hac vice* forthcoming)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, New York 10151
(212) 588-0800
ehaug@haugpartners.com
kfarrell@haugpartners.com
aroper@haugpartners.com
awasson@haugpartners.com
ngiove@haugpartners.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BAXTER HEALTHCARE CORP., BAXTER INTERNATIONAL INC. AND BAXTER HEALTHCARE SA<br><br>Plaintiffs,<br>v.<br><br>INFORLIFE SA<br>Defendant. | Civil Action No. 2:26-cv-11835<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>*Document Electronically Filed* |

**COMPLAINT**

Plaintiffs Baxter Healthcare Corp., Baxter International Inc., and Baxter Healthcare SA (collectively "Baxter" or "Plaintiffs"), by their undersigned attorneys, file this Complaint against defendant InfoRLife SA ("InfoRLife" or "Defendant") herein, allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, that arises out of the submission by Defendant of supplemental New Drug Application ("NDA") No. 215700 ("InfoRLife's Supplemental NDA") to the U.S. Food and Drug Administration ("FDA") pursuant to Section 505(b)(2) of the Federal Food, Drug, and Cosmetic Act (i.e., 21 U.S.C. § 355(b)(2)), seeking approval to manufacture and sell Norepinephrine Bitartrate in 5% Dextrose Injection (16 mcg/mL, 32 mcg/mL, 64 mcg/mL, 128 mcg/mL) ("InfoRLife's Dextrose Norepinephrine Product"). InfoRLife's Supplemental NDA relies on investigations in Baxter's New Drug Application No. 214313 ("Baxter's NDA") for Norepinephrine Bitartrate in 5% Dextrose Injection (eq. 16 mcg/mL, eq. 32 mcg/mL, eq. 64 mcg/mL) ("Baxter's Dextrose Norepinephrine Product"). InfoRLife seeks approval to manufacture and sell InfoRLife's Dextrose Norepinephrine Product prior to the expiration of United States Patent Nos. 12,097,170 ("the '170 patent") and 12,290,494 ("the '494 patent") (collectively, "the patents-in-suit"), which are listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for Baxter's Dextrose Norepinephrine Product.

## THE PARTIES

2. Plaintiff Baxter Healthcare Corp. is a corporation organized and existing under the laws of the State of Delaware, with offices at One Baxter Parkway, Deerfield, Illinois 60015.

3. Baxter Healthcare Corp. is the holder of Baxter's NDA, which has been approved as a catecholamine for treatment of severe, acute hypotension.

4. Baxter's Dextrose Norepinephrine Product is sold and marketed in the United States under FDA approval of Baxter's NDA.

5. Baxter Healthcare Corp. is a wholly-owned subsidiary of Baxter International

Inc.

6. Plaintiff Baxter Healthcare SA is a corporation organized and existing under the laws of Switzerland, with offices at Thurgauerstrasse 130, 8152 Glattpark, Opfikon, Switzerland.

7. Baxter Healthcare SA is a wholly-owned subsidiary of Baxter International Inc.

8. Plaintiff Baxter International Inc. is a corporation organized and existing under the laws of the State of Delaware, with offices at One Baxter Parkway, Deerfield, Illinois 60015.

9. On information and belief, defendant InfoRLife is a company organized and existing under the laws of Switzerland, with its principal place of business at Casai, 7748 Campascio, Switzerland.

10. On information and belief, Defendant is in the business of, *inter alia*, developing, manufacturing, marketing, distributing, and directly and/or indirectly selling generic pharmaceutical products throughout the United States (including in the State of New Jersey), and importing generic pharmaceutical products into the United States (including into the State of New Jersey).

11. On information and belief, following any approval of InfoRLife's Supplemental NDA, Defendant will act to distribute and sell InfoRLife's Dextrose Norepinephrine Product throughout the United States, including within New Jersey.

12. On information and belief, following any approval of InfoRLife's Supplemental NDA, Defendant intends to benefit directly by participating in the development, regulatory approval, marketing, manufacture, importation, distribution, and/or sale of InfoRLife's Dextrose Norepinephrine Product.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

14. This Court has personal jurisdiction over Defendant under Fed. R. Civ. P. 4(k)(1), Fed. R. Civ. P. 4(k)(2), and N.J. Ct. R. 4:4-4.

15. This Court has personal jurisdiction over the Defendant by virtue of the fact that, *inter alia*, Defendant has committed the tortious act of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of New Jersey and throughout the United States. For example, on information and belief, following approval of InfoRLife's Supplemental NDA, Defendant will make, use, import, sell, and/or offer for sale InfoRLife's Dextrose Norepinephrine Product in the United States, including in New Jersey, prior to the expiration of the patents-in-suit.

16. This Court has personal jurisdiction over InfoRLife because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) InfoRLife is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) InfoRLife has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting an NDA to FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over InfoRLife satisfies due process.

17. In the alternative, this Court has personal jurisdiction over InfoRLife at least because, among other things, InfoRLife has purposely availed itself of the benefits and protections of New Jersey laws such that it should reasonably anticipate being haled into court here. On information and belief: (i) InfoRLife manufactures and distributes drug products for sale throughout the United States, including in New Jersey; (ii) InfoRLife is doing business in New Jersey and maintains continuous and systematic contacts with this Judicial District; (iii) InfoRLife has committed, induced, and/or contributed to acts of patent infringement in New Jersey; (iv)

InfoRLife has purposefully directed its activities at residents and corporate entities within the State of New Jersey; (v) the claims set forth herein against InfoRLife arise out of or relate to those activities; (vi) InfoRLife's contacts with the State of New Jersey (direct and/or indirect) are continuous and systematic; (vii) it is reasonable and fair for this Court to exercise personal jurisdiction over InfoRLife; (viii) if InfoRLife's NDA receives final approval, InfoRLife's Dextrose Norepinephrine Product will be marketed and distributed by InfoRLife in the State of New Jersey, prescribed by physicians practicing in the State of New Jersey, dispensed by pharmacies located within the State of New Jersey, and used by patients in the State of New Jersey.

18. On information and belief, InfoRLife intends to benefit directly if InfoRLife's Supplemental NDA is approved by participating in the manufacture, importation, distribution, and/or sale of InfoRLife's Dextrose Norepinephrine Product.

19. This Court has personal jurisdiction over Defendant at least because, upon information and belief, if InfoRLife's Supplemental NDA receives final approval, InfoRLife's Dextrose Norepinephrine Product will be manufactured, sold, distributed, and/or used by Defendant in New Jersey, prescribed by physicians practicing in New Jersey, and/or administered to patients in New Jersey.

20. On information and belief, Defendant's acts of preparing and filing InfoRLife's Supplemental NDA and directing notice of InfoRLife's Supplemental NDA submission to Plaintiffs are acts with real and injurious consequences giving rise to this infringement action, including the present and/or anticipated commercial manufacture, use, and/or sale of InfoRLife's Dextrose Norepinephrine Product before the expiration of the patents-in-suit throughout the United States, including in this Judicial District. Because defending against an infringement lawsuit such as this one is an essential and expected part of a 505(b)(2) NDA filer's business, Defendant

reasonably anticipates being sued in New Jersey.

21. InfoRLife's Supplemental NDA filing implicating the patents-in-suit directly relates to this litigation and is substantially connected with this Judicial District because it reliably and non-speculatively predicts Defendant's intent to market and sell InfoRLife's Dextrose Norepinephrine Product in this Judicial District.

22. Defendant has taken the significant step of applying to FDA for approval to engage in future activities—including the marketing of InfoRLife's Dextrose Norepinephrine Product—which, upon information and belief, will be purposefully directed at this Judicial District.

23. On information and belief, Defendant will market InfoRLife's Dextrose Norepinephrine Product in New Jersey upon receiving final FDA approval of InfoRLife's Supplemental NDA.

24. For the reasons described above, among others, the filing of InfoRLife's Supplemental NDA was suit-related conduct with a substantial connection to New Jersey and this District, the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice, and this Court may properly exercise personal jurisdiction over Defendant.

25. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and § 1400(b).

## FACTS AS TO ALL COUNTS

26. Baxter Healthcare Corp. is the holder of NDA No. 214313, which was approved by FDA for the manufacture and sale of Baxter's Dextrose Norepinephrine Product. Baxter's Dextrose Norepinephrine Product is approved as a catecholamine for treatment of severe, acute hypotension.

27. On January 15, 2021, FDA approved the eq. 16 mcg/mL strength of Baxter's Dextrose Norepinephrine Product.

28. On January 15, 2021, FDA approved the eq. 32 mcg/mL strength of Baxter's Dextrose Norepinephrine Product.

29. On November 21, 2023, FDA approved the eq. 64 mcg/mL strength of Baxter's Dextrose Norepinephrine Product.

30. In September 2021, Baxter launched Baxter's Dextrose Norepinephrine Product as the first and only ready-to-use premixed norepinephrine in dextrose product in the United States.

31. Pursuant to 21 U.S.C. § 355(b)(1), the '170 patent and '494 patent are listed in the Orange Book as covering Baxter's Dextrose Norepinephrine Product.

32. Baxter International Inc. and Baxter Healthcare SA are the assignees of the patents-in-suit.

33. The '170 patent (attached as Exhibit A hereto), titled "Packaged, sealed container system for stable storage of an oxygen sensitive pharmaceutical formulation" was duly and legally issued on September 24, 2024, to Baxter.

34. The '494 patent (attached as Exhibit B hereto), titled "Packaged, sealed container system for stable storage of an oxygen sensitive pharmaceutical formulation" was duly and legally issued on May 6, 2025, to Baxter.

35. On information and belief, pursuant to § 505(b) of the Federal Food, Drug, and Cosmetic Act ("FDCA") (codified at 21 U.S.C. § 355(b)), Defendant has prepared, submitted, and filed with FDA, and FDA has received, InfoRLife's Supplemental NDA, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of InfoRLife's Dextrose Norepinephrine Product before the expiration of the patents-in-suit throughout the United

States, including in this Judicial District.

36. On information and belief, Defendant will market and distribute InfoRLife's Dextrose Norepinephrine Product throughout the United States, if approved.

37. 21 U.S.C. § 355(b)(3)(D)(ii) requires that a letter notifying a patent holder of the filing of an NDA containing a paragraph IV certification "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed." Likewise, 21 C.F.R. § 314.52(c)(6) requires a paragraph IV notification to include "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed." The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." 21 C.F.R. §§ 314.52(c)(6)(i)–(ii).

38. InfoRLife, through its attorneys at Buscher Patent PLLC, sent a letter dated July 30, 2026 ("the Notice Letter") to Baxter purporting to provide notification that InfoRLife's Supplemental NDA contains certifications under 21 U.S.C. § 355(b)(2)(A)(iv) (a "paragraph IV certification") with regard to the '170 patent and '494 patent.

39. The Notice Letter identifies the law firm of Rothwell, Figg, Ernst & Manbeck, P.C., Attn: Steven Lieberman, 901 New York Avenue, N.W. Suite 900 East Washington, DC 20001 as an agent authorized to accept service of process for InfoRLife.

40. Baxter sought to negotiate terms for confidential access to InfoRLife's Supplemental NDA. Counsel for InfoRLife did not substantively respond to Baxter's outreach, and instead offered a meeting on Monday, September 14, 2026—46 days after the date of its notice

letter.

41. On information and belief, Defendant developed InfoRLife's Dextrose Norepinephrine Product and sought approval from FDA to sell InfoRLife's Dextrose Norepinephrine Product throughout the United States, including within this Judicial District.

42. On information and belief, if InfoRLife's Supplemental NDA is approved by FDA, InfoRLife's Dextrose Norepinephrine Product will be marketed as a competing product to Baxter's Dextrose Norepinephrine Product.

43. On information and belief, Defendant prepared and submitted InfoRLife's Supplemental NDA and is prosecuting and maintaining InfoRLife's Supplemental NDA.

44. There is an actual case or controversy between the parties regarding Defendant's liability for its infringement of the patents-in-suit.

45. This action was originally filed within 45 days of Plaintiffs' receipt of InfoRLife's Notice Letter.

46. On information and belief, the Notice Letter does not disclose any anticipation or obviousness contentions or opinions for the '170 patent.

47. On information and belief, the Notice Letter does not disclose any unenforceability contentions for the '170 patent.

48. On information and belief, the Notice Letter does not disclose any invalidity contentions or opinions for the '494 patent.

49. On information and belief, the Notice Letter does not disclose any unenforceability contentions for the '494 patent.

50. On information and belief, the Notice Letter does not provide a full and detailed explanation of Defendant's factual and legal basis of noninfringement, invalidity and/or

unenforceability for any claim of any patent for which Defendant has made a paragraph IV certification.

**FIRST COUNT**

(Infringement of the ’170 Patent by Defendant)

51. Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

52. On information and belief, Defendant seeks FDA approval for the manufacture, marketing, sale, and/or distribution of InfoRLife’s Dextrose Norepinephrine Product.

53. On information and belief, in connection with InfoRLife’s Supplemental NDA, Defendant submitted a paragraph IV certification to the ’170 patent to obtain approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of InfoRLife’s Dextrose Norepinephrine Product before the expiration of the ’170 patent.

54. On information and belief, Defendant will commercially manufacture, sell, offer for sale, and/or import InfoRLife’s Dextrose Norepinephrine Product upon FDA approval of InfoRLife’s Supplemental NDA.

55. On information and belief, as of the date of the Notice Letter, Defendant was aware of the statutory provisions and regulations set forth in 21 U.S.C. § 355(b)(3)(D)(ii) and 21 C.F.R. § 314.52(c)(6).

56. The inclusion of a paragraph IV certification to the ’170 patent in InfoRLife’s Supplemental NDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of InfoRLife’s Dextrose Norepinephrine Product before the expiration of the ’170 patent is an act of infringement by Defendant of one or more claims of the ’170 patent under 35 U.S.C. § 271(e)(2)(A) directly and/or indirectly, literally or under the doctrine of equivalents, including by inducement and/or contributory infringement.

57. On information and belief, Defendant's commercial manufacture, use, sale, offer for sale, and/or importation into the United States of InfoRLife's Dextrose Norepinephrine Product that is the subject of InfoRLife's Supplemental NDA will infringe one or more claims of the '170 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c).

58. On information and belief, Defendant is aware of the existence of the '170 patent at least because the '170 patent is listed in the FDA's Orange Book for Baxter's Dextrose Norepinephrine Product. On information and belief, Defendant acted without a reasonable basis for believing that it would not be liable for infringement of the '170 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

59. The acts of infringement set forth above will cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless Defendant is preliminarily and permanently enjoined by this Court.

**SECOND COUNT**
(Infringement of the '494 Patent by Defendant)

60. Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

61. On information and belief, Defendant seeks FDA approval for the manufacture, marketing, sale, and/or distribution of InfoRLife's Dextrose Norepinephrine Product.

62. On information and belief, in connection with InfoRLife's Supplemental NDA, Defendant submitted a paragraph IV certification to the '494 patent to obtain approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of InfoRLife's Dextrose Norepinephrine Product before the expiration of the '494 patent.

63. On information and belief, Defendant will commercially manufacture, sell, offer for sale, and/or import InfoRLife's Dextrose Norepinephrine Product upon FDA approval of

InfoRLife's Supplemental NDA.

64. On information and belief, as of the date of the Notice Letter, Defendant was aware of the statutory provisions and regulations set forth in 21 U.S.C. § 355(b)(3)(D)(ii) and 21 C.F.R. § 314.52(c)(6).

65. The inclusion of a paragraph IV certification to the '494 patent in InfoRLife's Supplemental NDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of InfoRLife's Dextrose Norepinephrine Product before the expiration of the '494 patent is an act of infringement by Defendant of one or more claims of the '494 patent under 35 U.S.C. § 271(e)(2)(A) directly and/or indirectly, literally or under the doctrine of equivalents, including by inducement and/or contributory infringement.

66. On information and belief, Defendant's commercial manufacture, use, sale, offer for sale, and/or importation into the United States of InfoRLife's Dextrose Norepinephrine Product that is the subject of InfoRLife's Supplemental NDA will infringe one or more claims of the '494 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c).

67. On information and belief, Defendant is aware of the existence of the '494 patent at least because the '494 patent is listed in the FDA's Orange Book for Baxter's Dextrose Norepinephrine Product. On information and belief, Defendant acted without a reasonable basis for believing that it would not be liable for infringement of the '494 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

68. The acts of infringement set forth above will cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless Defendant is preliminarily and permanently enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

i. A judgment declaring that the ’170 patent is valid and enforceable;

ii. A judgment declaring that, pursuant to 35 U.S.C. § 271(e)(2)(A), the submission to FDA and filing of InfoRLife’s Supplemental NDA with a paragraph IV certification to obtain approval for the commercial manufacture, use, sale, offer for sale, and/or importation in the United States of the product that is the subject of InfoRLife’s Supplemental NDA was an act of infringement of the ’170 patent by Defendant directly and/or indirectly, including by inducement and/or contributory infringement;

iii. A judgment declaring that, pursuant to 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c), the commercial manufacture, use, sale, offer for sale, and/or importation in the United States of the product that is the subject of InfoRLife’s Supplemental NDA prior to the expiration of the ’170 patent, including any regulatory extensions, will constitute an act of infringement by Defendant directly and/or indirectly, including by inducement and/or contributory infringement;

iv. An order that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the product that is the subject of InfoRLife’s Supplemental NDA shall be no earlier than the date on which the ’170 patent expires including any regulatory extensions;

v. A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) preliminarily and permanently enjoining Defendant and its officers, agents, servants, employees and attorneys, and those persons in active concert or participation or privity with them or any of them, from engaging in the commercial manufacture, use, sale, offer for sale, and/or importation in the United States of the product that is the subject of InfoRLife’s Supplemental NDA until the expiration of the ’170

patent including any regulatory extensions;

vi. A judgment awarding Plaintiffs damages or other monetary relief, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, if Defendant commercially manufactures, uses, sells, offers to sell, and/or imports any product that is the subject of InfoRLife's Supplemental NDA that infringes the '170 patent;

vii. A judgment declaring that infringement of the '170 patent is willful if Defendant commercially manufactures, uses, sells, offers to sell, and/or imports any product that is the subject of InfoRLife's Supplemental NDA that infringes the '170 patent;

viii. A judgment declaring that the '494 patent is valid and enforceable;

ix. A judgment declaring that, pursuant to 35 U.S.C. § 271(e)(2)(A), the submission to FDA and filing of InfoRLife's Supplemental NDA with a paragraph IV certification to obtain approval for the commercial manufacture, use, sale, offer for sale, and/or importation in the United States of the product that is the subject of InfoRLife's Supplemental NDA was an act of infringement of the '494 patent by Defendant directly and/or indirectly, including by inducement and/or contributory infringement;

x. A judgment declaring that, pursuant to 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c), the commercial manufacture, use, sale, offer for sale, and/or importation in the United States of the product that is the subject of InfoRLife's Supplemental NDA prior to the expiration of the '494 patent, including any regulatory extensions, will constitute an act of infringement by Defendant directly and/or indirectly, including by inducement and/or contributory infringement;

xi. An order that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the product that is the subject of InfoRLife's Supplemental NDA shall be no earlier

than the date on which the ’494 patent expires including any regulatory extensions;

xii. A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) preliminarily and permanently enjoining Defendant and its officers, agents, servants, employees and attorneys, and those persons in active concert or participation or privity with them or any of them, from engaging in the commercial manufacture, use, sale, offer for sale, and/or importation in the United States of the product that is the subject of InfoRLife’s Supplemental NDA until the expiration of the ’494 patent including any regulatory extensions;

xiii. A judgment awarding Plaintiffs damages or other monetary relief, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, if Defendant commercially manufactures, uses, sells, offers to sell, and/or imports any product that is the subject of InfoRLife’s Supplemental NDA that infringes the ’494 patent;

xiv. A judgment declaring that infringement of the ’494 patent is willful if Defendant commercially manufactures, uses, sells, offers to sell, and/or imports any product that is the subject of InfoRLife’s Supplemental NDA that infringes the ’494 patent;

xv. A judgment declaring that, pursuant to 35 U.S.C. § 285, this is an exceptional case and awarding Plaintiffs their attorneys’ fees and costs;

xvi. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: September 11, 2026
Newark, New Jersey

s/ Charles Chevalier
Charles H. Chevalier
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

cchevalier@fbtgibbons.com

**OF COUNSEL**
Edgar H. Haug (*pro hac vice* forthcoming)
Kaitlin M. Farrell (*pro hac vice* forthcoming)
Andrew S. Roper (*pro hac vice* forthcoming)
Andrew S. Wasson (*pro hac vice* forthcoming)
Nicholas F. Giove (*pro hac vice* forthcoming)
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, New York 10151
(212) 588-0800
ehaug@haugpartners.com
kfarrell@haugpartners.com
aroper@haugpartners.com
awasson@haugpartners.com
ngiove@haugpartners.com

Attorneys for Plaintiffs
*Baxter Healthcare Corp.*
*Baxter International Inc.*
*Baxter Healthcare SA*